IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 07–109-SLR |
| ) | |
| JAMES R. GORDON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by Colm F. Connolly, United States Attorney for the District of Delaware, and David L. Hall, Assistant United States Attorney for the District of Delaware, and the defendant, James R. Gordon, by and through his attorney, Christopher Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant agrees to waive indictment and enter a guilty plea to a one count Information, charging distribution of a mixture and substance containing a detectable amount of Oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). The maximum penalty for the offense is 20 years imprisonment; a $1,000,000 fine; three years to a lifetime term of supervised release following any term of imprisonment; and a $100 special assessment.

2.    The defendant understands that if he were to proceed to trial on the Information, the Government would have to prove each of the following elements of the offense beyond a reasonable doubt: (1) that the defendant knowingly, (2) distributed, (3) a controlled substance (in this case, a mixture and substance containing a detectable amount of Oxycodone, a Schedule II controlled substance).

3.    The defendant knowingly, voluntarily, and intelligently admits that on the following dates, in the District of Delaware, he did knowingly distribute Oxycodone, a Schedule II controlled substance, in the indicated amounts:

>    December 10, 2003 . . . . . . . . . 344 milligrams (actual);
>
>    February 9, 2004 . . . . . . . . . . 312 milligrams (actual);
>
>    February 22, 2005 . . . . . . . . . 340 milligrams (actual).
>
>    Total . . . . . . . . . . . . . . . . . . . . 996 milligrams (actual).

4.    Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to recommend at sentencing a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). If the defendant's offense level is 16 or greater, the United States will move for an additional one point reduction, pursuant to U.S.S.G. § 3E1.1(a) and (b).

5.    The United States concludes that the defendant has provided substantial assistance in the investigation and prosecution of other person(s). Prior to sentencing the United States will file with the Court a motion under Section 5K1.1 of the United States Sentencing Guidelines. This motion will permit, but not require, the Court to depart from the Sentencing Guidelines, and to impose a sentence below that which would otherwise be called for by the Sentencing Guidelines. Nothing in

any agreement between the United States and the defendant shall be interpreted in any way as to make the defendant's rights dependent upon or affected by the outcome of any matter, proceeding, investigation, or case in which he may be called to testify or to provide information.

6. The defendant agrees to pay any special assessment at the time of sentencing. If the Court orders the payment of any special assessment or fine as part of the defendant's sentence, the defendant agrees to voluntarily enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

7. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this memorandum may be

modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____
Christopher Koyste, Esquire
Attorney for Defendant

_____
James R. Gordon
Defendant

COLM F. CONNOLLY
United States Attorney

By: _____
David L. Hall
Assistant United States Attorney

AND NOW this 23d day of October, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
United States District Court